UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR ) ML. NO. ____
AN ORDER PURSUANT TO )
18 U.S.C. § 3512 )
) **Filed Under Seal**
Request from the Czech Republic for Assistance )
in a Criminal Matter:  Bank Records )
)

DOJ Reference No.: CRM-182-63727

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this ex parte application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Angela S. George, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute a request for assistance in a criminal matter from the Czech Republic. In support of this application, the United States asserts:

RELEVANT FACTS

1. On May 2, 2018, the Supreme Public Prosecutor's Office of the Czech Republic (Central Authority) submitted a request for assistance (hereinafter, the "Request") to the United States, pursuant to a bilateral treaty, specifically, the Treaty between the United States of America and the Czech Republic on Mutual Legal Assistance in Criminal Matters, Czech – U.S.,

Feb. 4, 1998, S. TREATY DOC. NO. 105-47 (1998), as supplemented by the Supplementary Treaty on Mutual Legal Assistance in Criminal Matters Between the United States of America and the Czech Republic, Czech – U.S., May 16, 2006, S. TREATY DOC. NO. 109-13 (hereinafter, the "Treaty"). As stated in the Request, the Municipal Public Prosecutor's Office in Prague is investigating two crimes, specifically, money laundering and tax evasion, which occurred between on or about January 2006 to March 2015 in violation of the criminal laws of the Czech Republic, namely, Sections 216 and 240 of the Criminal Code. A copy of the applicable laws is included as Attachment A to this application. Under the Treaty, the United States is obligated to render assistance in response to the Request.

2. According to authorities in the Czech Republic, between January 1, 2006 and March 31, 2015, a Czech supply company (hereinafter, "Supply Company") engaged in unlawful business practices involving money laundering and tax evasion. The Supply Company used fraudulent contracts and invoices from shell companies based in Belize, the Bahamas, and the United States to apply for value-added tax deductions and, in turn, reduce the Supply Company's tax base. The fraudulent contracts and invoices were for unspecified business activities and advisory services provided by the Supply Company. The funds the Supply Company received in return for these fictitious business activities and services were subsequently transferred to other entities outside of the Czech Republic using the shell companies.

3. During the investigation, Czech authorities reviewed accounting documents and learned that the Supply Company transferred virtually all of its unlawfully obtained funds to foreign accounts owned by shell companies. The Supply Company made large transfers to bank accounts of shell companies in the United States, Switzerland, and Spain. The purpose of these transfers was to conceal the origin of the funds and obscure their use for further crimes. Czech

2

authorities are investigating whether the funds were also sent to additional private bank accounts in other countries.

4. Czech authorities traced the funds back to an Austrian-Czech citizen (hereinafter, "P.K."), who died in March 2015. Czech authorities ascertained that most of the funds the Supply Company transferred to foreign accounts were subsequently transferred to the personal accounts of P.K's family members, who reside in the United States, Austria, and Switzerland. A significant portion of the Supply Company's funds were withdrawn from bank accounts of shell companies in cash, making subsequent movement of the funds difficult, if not impossible, to trace.

5. Between January 1, 2006 and March 31, 2015, the Supply Company transferred €250,000 and $250,000 to a Bank of America account, XXXXXXXX6825, held in the name of a Florida-based shell company (hereinafter, "Florida Company"). P.K. set up the Florida Company in 2006. P.K. and another individual (hereinafter, "I.K.") served as directors until the company dissolved in 2015. The Florida Company only had two employees—P.K. and I.K., and it was registered at a residential apartment building. Further, Czech authorities learned that invoices issued by the Florida Company were paid from the Supply Company's bank account on the basis of fictitious fulfillments. Additionally, Czech authorities believe that I.K. used three bank accounts to facilitate the money laundering scheme. One of these bank accounts, account number XXXXXXXX7124, is held at Bank of America, N.A. in the United States.

6. To further the investigation, authorities in the Czech Republic have asked U.S. authorities to provide bank records, respectively, from the Florida Company's and I.K.'s Bank of America accounts.

## LEGAL BACKGROUND

### The Treaty

7. A treaty constitutes the law of the land. U.S. Const. art. VI, cl.2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

8. The United States and the Czech Republic entered into the Treaty to promote more effective cooperation and assistance between the parties in criminal matters. Treaty pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Article 1. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 5(1) ("The... courts...shall have...authority to issue such orders to execute a request...as are authorized under the laws of the Requested State..."). Finally, the Treaty requires each party, upon request, to use its best efforts to keep a request and its contents confidential if such confidentiality is requested by the Central Authority of the Requesting State. Article 5(5).

<u>18 U.S.C. § 3512</u>

9. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*     \*     \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*     \*     \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

10. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1] This section provides clear authority for the federal courts, upon application duly

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See <u>In re Request from the United Kingdom</u>, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. §

5

authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

11. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs, which serves as the "Central Authority" for the United States, has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[2] Upon such a duly authorized application, Section 3512 authorizes a federal judge[3] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)-(b)(1). In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v.

---

3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

[3] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

12.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; (3) take testimony or statements; and (4) take receipt of documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena." Any such subpoena or any other order, subject to subsection (d), may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A copy of a "Commissioner Subpoena" is included as Attachment B.

## REQUEST FOR ORDER

13.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," i.e., the Supreme Public Prosecutor's Office of the Czech Republic, the designated Central Authority in the Czech Republic for requests made pursuant to the Treaty, and seeks assistance in the investigation of money laundering and tax evasion – criminal offenses in the Czech Republic. Furthermore, the requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records, falls squarely within that contemplated

by both the Treaty and Section 3512. Finally, this application was properly filed in the District of Columbia.

14. This application is being made ex parte, consistent with the practice of the United States in its domestic criminal matters. The Treaty itself contemplates the need for confidentiality with respect to all aspects of the execution of a request. Specifically, Article 5(5) provides that: "[t]he Requested State shall use its best efforts to keep confidential a request and its contents if such confidentiality is requested by the Central Authority of the Requesting State." In this matter, the Czech Republic has asked the Government to keep the Request confidential to protect the integrity of the investigation.

15. Both Section 3512 and the Treaty authorize the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a treaty request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this

Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipients of the commissioner subpoenas.

16. Similarly, because the Czech Republic seeks assistance during a criminal investigation and has specifically asked the Government to keep the Request confidential, this Court should authorize the commissioner to order Bank of America not to notify any person of the commissioner subpoena and its contents, and issue an order sealing the Government's application and the Court's Order for two years from the date of the Court's Order. The confidentiality provision of the Treaty and the Czech Republic's request that this matter remain confidential, as well as Section 3512(a), which authorizes the court to issue "such orders as may be necessary to execute a [foreign] request," provide the legal and factual grounds for the issuance of such orders. See generally In re Letter of Request from the Government of France, 139 F.R.D. 588, 592 (S.D.N.Y. 1991) (secrecy in executing foreign request is "essential to protect the French Court's criminal investigation"). In this case, such orders would be appropriate because the Request relates to an ongoing criminal investigation in the Czech Republic. Disclosure of the investigation could provide the subject of the investigation with an opportunity to destroy records or other physical evidence in his or her possession and could seriously jeopardize the investigation. It could also give the subject an opportunity to flee, change patterns of behavior, or notify confederates.

17. Further, the two-year time period as to both notice and sealing is reasonable. As explained above, this Request concerns an ongoing criminal investigation pursuant to foreign law in the requesting country. Foreign investigations are often lengthy and the Government does not have ready access to the status of such investigations. In addition, during the two-year time period, the Government will need to serve the commissioner subpoenas on Bank of America,

obtain the responsive documents, resolve any issues or questions regarding the production, and send the documents to the Central Authority for mutual legal assistance requests in the Czech Republic. The Czech Republic's Central Authority will then have to provide the documents, which may have to be translated, to the prosecutor and/or investigator assigned to the particular matter, who will need time to review the information provided and pursue any investigative leads, prior to disclosure of the specific assistance sought by Czech authorities.

18. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Angela S. George, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of a commissioner subpoena, to obtain the evidence requested in a form consistent with the intended use thereof, authorizing the undersigned to order Bank of America not to notify any person of the commissioner subpoena and its contents, and sealing this application and the Court's Order for two years from the date of the Court's Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199514-4653

By: *Angela S. George*
Angela S. George, Trial Attorney
D.C. Bar Number 470567
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 514-4653 telephone
Angela.George@usdoj.gov